UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON CHAMBERS, | ) | Case No.: 1:25 CV 1148 |
|     Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN K. GOLDEY | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
|     Respondent | ) | |

Brandon Chambers is a federal prisoner, convicted in this District Court on one count of Possession with Intent to Distribute Controlled Substance and one count of being a Felon in Possession of a Firearm. *United States v. Chambers*, No. 1:21 cr 848 (N.D. Ohio Dec. 8, 2023). He is currently incarcerated in USP Pollock in Pollock, Louisiana, serving a prison sentence of 165 months. Chambers filed this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

The Petition is incomprehensible. The Statement of Case reads in its entirety:

> Before the contract was awarded for the construction, alteration and repair of a public work and public building a bond was furnished to the Government which became binding once the contract was awarded. Judgment was entered Dec. 8, 2023 [the date Chambers was sentenced in his federal criminal case] and the judgment has not been appealed and there exist no more dispute in this matter, the detention is unlawful.

(Doc. No. 1 at PageID #: 4-5). He states that he is not required to provide a factual background because, "the SF25A and the SF274 are prima facie evidence, as the court has the record the claimant

need not state the claim." (Doc. No. 1 at PageID #: 5). He indicates "this was a subrogation claim adjudicated with the principal being in the state of Ohio diverse from the Affiant doing business in the state of Ohio Section 1775.04 of title 17 Corporations: Partnerships of the Ohio Revised Code says 'Rule of Law and Equity, including law merchant to govern [Erie Railroad Doctrine].'"(Doc. No. 1 at PageID #: 6). He seeks judicial review of administrative procedures, collateral estoppel, stare decisis and summary judgment. (Doc. No. 1 at PageID #: 5-6).

Chambers attaches to his Petition, an Affidavit in Support of Summary Judgment. (Doc. No. 1-2 at PageID #: 8). The Affidavit contains the case caption and case number of his criminal case. The Affidavit contains three sentences:

1. There is no more dispute in the above [criminal] case.

2. Final Judgment is due under law.

3. The detention and custody of Brandon Chambers is no longer needed.

The Affidavit is signed by Chambers as "Executor." (Doc. No. 1-2 at PageID #:8).

**I. Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295

(6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## II. Discussion

The Petition is incomprehensible. It does not contain a single coherent statement or claim for relief. Based on his citations to his criminal case, No. 1:21 cr 848, and his statements that his detention is unlawful and no longer needed, it appears that Chambers is attempting to attack his conviction by stringing together random words and phrases commonly used in commercial transactions. Chambers's conviction was not a commercial transaction, and his attempt to obtain release in this manner is frivolous.

Furthermore, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Chambers is not challenging the execution of his sentence, but rather is challenging the conviction itself. He cannot pursue this challenge in a § 2241 Petition.

### III. Conclusion

Accordingly, Chambers's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 7, 2025